Good morning, Your Honors. May it please the Court, Carolyn Wiggin from the Federal Defender's Office for Mr. Espinoza. And I will do my best to reserve two minutes for rebuttal. Okay. Your Honors, I wanted to start by addressing Special Condition 6. And before I discuss the Nerke opinion, I did want to spend one moment making sure that one point about this record is clear. The Special Condition 6, even as it's written in the PSR, so even if we were, as the government suggests, just to substitute it as written in the PSR into the judgment, it is just as broad as the condition as written in the judgment. And that's because the first sentence of the condition in both places is a ban on possessing, viewing, reading, any materials having to do with basically any form of sexual contact, as well as frequenting places where those are. Now, in the PSR, there's a sentence added at the end, and furthermore, he can't frequent places where the primary place of business is the sale of those materials. But that doesn't narrow the very first sentence. So I just want to make that point clear. And just for the folks, I should have asked you at the outset, but these are conditions of probation for a person who's been, for supervised release, for the benefit of the students, for a person who's been convicted of a sexual assault. I'll just leave it at that. Right. In this case, it's actually possession. Oh, forgive me, yes, possession, yes. Of child pornography. Forgive me, yes. Hence, the parsing of the words. It's just hard for them to follow if we don't give them some kind of idea of what universe we're in. I'm happy to spend a moment on this. That's okay. I think they've got it. Okay. So I know we asked you to talk about NERC, but I actually would like to hear you speak about the double-counting issue, too. Oh, I definitely want to speak about that. I could go to that now? Since I wrote it, it's NERC-y. NERC-y? Sorry. Okay, in defense of the three-head panel. But I do think the double-counting issue is important. Okay. So the double-counting issue, and I will just talk about that for a moment. The guidelines, the sentencing guidelines, case law interpreting the sentencing guidelines states if you've counted one factor in one part of calculating a person's guidelines, don't use the same factor in increasing their sentence under another part of the guidelines. And actually, the vulnerable victim section of the guidelines specifically says if you've used age to increase someone's sentence in one part of the guidelines, don't use a factor related to age. That's what the application note says, to increase the sentence as a vulnerable victim. Counsel, wouldn't the opinions in Wright, Holt, and Lind suggest that special characteristics of the young victim, age three, four, or five years old, would lead to allowing counting both their age as well as their vulnerability for purposes of enhancements? No, Your Honor, and I think it's a very fine line, but a line we can work with that was drawn in the Wright opinion, and I believe Holt and Lind sort of follow that. And they say, listen, when we're talking about an infant, and forgive me, who is sexually penetrated by an adult male, and they're 11 months old, there is an increased pain to that that makes them more vulnerable than it would have to be. Is it about that, or is it about the very, very young age of the child being especially vulnerable, not being able to flee or protect him or herself? Well, the way Wright ends up describing it is increased pain, cannot communicate, cannot walk away. Those are the three things. The thing that's so tricky here is it seems like the judge could have said things like that here, too, but just didn't. And so I'm struggling with whether we can impute some sort of finding when the issue was raised and the judge still said, well, I'm doing both enhancements, or whether there really is this procedural requirement that a finding be made on the record as something that's slightly different than age, to justify both enhancements. Right. I think there's both a procedural error here, because the case law about the guidelines makes clear when there's this sort of objection raised, the judge does have to explicitly resolve it. So that's just a procedural error. But then I also think even if we were to say, well, but we could affirm if we find on the record that it would have been justified, here we don't have the judge saying he found something in addition to age, and the supplemental ER really doesn't give us that. And I could talk about that in more detail if you want, but as I said in my reply brief, with some of these pictures, it's very hard to tell what's going on. But there is one picture where there is someone very young. So it seems very possible that the judge could have said, this child is very small, this child is not verbal enough at this age, or something. Right. We don't have that. We don't have that. I know we don't have that. Are we dealing with a clear error standard here? Pardon me? Aren't we dealing with a clear error standard here? Whether or not there's clear error to say that this was before the district judge, he knew the age of the victims, he knew the law, and that these special characteristics, unable to resist, less able to resist, less able to get away, comprehend, increase pain. Don't we review this for clear error? Well, I would say because this was objected to, we're under de novo review, and we're looking at did he make the finding, and I don't think he did. And I also want to emphasize that I think he would have to, one of the, I think the right opinion does mention, they're distinguishing another decision in the Fifth Circuit, and they say, you know, the reason we say these factors can exist independent of age is that there could be a 3-year-old who can talk and walk away. And also I think we have to look at, we don't have a picture of penetration of a young child. Maybe it's somewhere on his hard drive, but we don't have that in this record. And I think that is part of the small child analysis. Counsel, I'd like to ask a related question to just muddy the water further on this double-counting problem. Right is binding, of course, on this three-judge panel. It's also really an outlier. It is. There's circuits that have said, look, it's just, they say don't use a factor related to age. Clearly this is all related to age. I think there are five circuits that said using the vulnerable victim enhancement this way related to age. They've applied it. They've absolutely applied the vulnerable victim enhancement, but have specifically said it can't be used related to age. Does that sound right to you? I don't have a count of the circuits, but some of them have said, I mean, it's a double-counting problem. So if you weren't using age elsewhere, you could certainly use it. But if you're using it elsewhere, they've said you can't. And I don't have the circuit breakdown. I apologize. But I think the guideline, the application note is clear. I've cited law that it's binding unless it's unconstitutional or rational. And I think the guideline application note is clear. You said that we reviewed this de novo, but don't we have conflicting law in our circuit about whether it's abusive discretion or de novo for application of the guidelines? I do know that, yes, it's true. The application of the guidelines to the facts. I mean, I would say there's a procedural error here in not making the finding. That is a legal error in the sort of statutory interpretation of the guidelines. So that would be what I'd stand on. But I think even if we went to the more deferential standard, we just don't have a basis here for this at all. A factual basis. A factual basis. Thank you. Do you want to reserve the rest of your time? I'd like to, unless you'd like me to talk about NERCI now. I thought I was over, but I guess I still have a minute. If you pronounce it correctly, that's my victory for the day. That's just fine. So I will just briefly say I think NERCI makes clear that this condition goes beyond what is understood to be sort of adult pornography, the condition as written, because it's very similar. And it also goes to where someone can be. It prevents very everyday activities, going to public libraries, because it's written so broadly. But the second time it states it, it talks about the primary purpose, the place having a primary purpose to have those types of materials, which is quite consistent with NERCI. Right. Although NERCI, I very much liked the gloss that was put on it that we're talking about basically child pornography. And I don't have the language right in front of me, although I have it over there in NERCI. But it's sort of like sexually stimulating, or it's a little different than the 2256 definition. Do you have a case that talks about this kind of tension when there are two sentences in the same provision that say different things, what we're supposed to do? Is there any case that talks about that? In other words, one of the sentences, just for the sake of the students, has a real First Amendment concern that may be too broad about restricting access to other places that, as you said, libraries, Walmart, and so forth. And one of the sentences is much more specific. It talks about a place not going to a place where the primary purpose is to have those kinds of sexually explicit materials. You know, I guess you would say where there's two inconsistent sentences, the court would try to make sense of it. I mean, that would come up at a supervised release hearing. I think in this case, because the condition is so broad, even, you know, it goes to all this material that's not pornography or child pornography. I think that, and then there's no discussion on the record, you know, our cases hold that where you're limiting someone's freedoms, it has to be no more broad than necessary to serve the purposes of sentencing. I just think that the condition is overbroad. I like the way it was narrowed in NERCI, and that would certainly be a good solution in this case. Thank you, counsel. We'll hear from opposing counsel now, please. Good morning, Your Honors. Christopher Baker representing the United States. May it please the Court. I'll turn first to the vulnerable victim enhancement issue and running off of the comment from Judge Friedland regarding what was the judge thinking. I do want to make the comment about the images that were handed up at the sentencing hearing. The defendant objected to application of the vulnerable victim enhancement, and so at sentencing, the government proffered evidence, and proffered that evidence to the district judge with a caveat that, in response to the concern about whether the vulnerable victim enhancement applies here, we're offering this additional evidence. It was directly responsive to the defendant's objection. The district judge took that evidence, including the seven videos, the screenshots from those seven videos, and the titles of the videos, and then directed a question to defendant, do you have a comment or an objection? And the defendant said nothing. No objection to the government's proposition that that evidence further buttressed application of the vulnerable victim enhancement. No objection and no argument. But why doesn't the judge still need to say what about those materials is something other than age? I mean, the guidelines say you can't use age twice, so how do we know that the judge didn't just look at all those materials and think, oh, these are young children? I think what we have is the district judge, after reviewing the entire record, including the evidence at the sentencing hearing, and to be clear, those images do depict extremely young victims, and specifically I would cite to page 3 and 8 of the government's supplemental sealed excerpts. But the standard, as Judge Lamel mentioned a few moments ago under Holt and Wright, are these victims less able to resist child pornography than other victims. Right, but he could have just said that, right? What those cases say is the judge can say that, and then that's not the same as age. But this judge didn't say that. So, I mean, what's the harm of us sending this back and saying go say it if that's what you thought? How do we know what he was thinking? Probably no harm, Judge Friedland, but it's not required. And it's not required because? It's not required because the case is that the defendant cites for the supposed proposition that the judge is obligated to make an express finding about the particular vulnerability or infirmity. Wright doesn't say that. Holt doesn't say that. Rule 32 doesn't say that. And I'm not aware of any case. Well, if there is ‑‑ Go ahead. If we have a rule that you can't double count, then doesn't the judge need to say something that assures us that there wasn't double counting? I mean, maybe there are various ways to do that. But we don't have any way here. We don't have anything. I agree he could have. But my position is that he wasn't required to. And I think on an abuse of discretion review, which is the standard that applies here according to Wright and Holt, what this court is required to do is review the record and conclude and be satisfied that the district judge had other evidence, besides the naked assertion in the PSR that the victims were three years old, other evidence that age was a proxy for the particular infirmities that warranted application of the Vulnerable Victim Enhancement. And specifically here, the images which show children, that it was not an abuse of discretion for the judge to review those, to ask the defendant if he challenged the basis that the government proffered to support application of the Vulnerable Victim Enhancement, to have no objection, and to conclude, I know that there's a disagreement on application of this enhancement, but I find there is sufficient evidence. What the judge was thinking, I wish I knew too, because I think today would go a little quicker and a little easier. But my position is it wasn't required, because under the precedent cited by the defendant here, this court's obligation was there sufficient basis in the record, and the answer to that question is yes. So are you saying basically that if the standard is abuse of discretion, which I actually think is unclear, but let's assume it's abuse of discretion, that we can just imagine what the judge might have thought, and as long as there's something the judge might have thought, that it's not an abuse of discretion, or is there some more teeth than that to abuse of discretion? I think, Your Honor, two responses. One, if this were just a case where we had the PSR, victims are 3 years old and nothing more, it would be probably a different case. Or if this was a case where we had 9-, 10-, and 11-year-old victims, which don't fall under right and hold. Well, let's go back to what you just said about the 3 years old and the PSR. I'm not sure how we have more than that. If that's a different case, what's different about that case than what we have? I don't know. You said it would be a different case if all we had was the PSR and it's saying that the victims were 3 years old. But when I read what actually happened before the judge, it's a lot like all we know is the victims were about 3 years old. So what do you think is additional there? Well, what's additional is that the judge was confronted with visual depictions of the sexual abuse portrayed in this pornography and was able to see physically that we're talking about. But he saw maybe victims who were 3 years old, so we're back to the same place. I'm not sure. Right, Your Honor, but he also saw the size of those victims. And that's what Wright holds. But in Wright they had said these other things. So we just are – I mean, back to abusive discretion,  I don't think assume, Your Honor. I think satisfy yourselves that the judge had a sufficient basis in the record to so conclude. And what I was about to say with respect to 9-, 10-, 11-year-old victims, probably a different case, probably, although I don't want to concede, but probably would require something along the lines that Your Honor is describing. But in the context of Wright and Holt, where this Court says that age roughly correlates when we're talking about the especially vulnerable stages of childhood, being infants and toddlers, that age essentially is a proxy for the infirmities that are inherent. These children, infants and toddlers, this Court has said, inherently are vulnerable by virtue of their size because they're less able to resist and because they experience greater pain upon penetration. I think on that record – Judge LaMelle is trying to ask a question. And I appreciate your argument in response to Judge Friedman's question, which was a very good one. Sometimes we think outside the box, and I'm not accusing you of doing that. I'll admit doing that often. But in that connection, your argument just now about you didn't have to state explicitly those special characteristics other than age, they're less able to resist, get away, pain, whatever. Are you arguing perhaps judicial notice of that when it comes to 3-year-old children? I'm arguing that's one way to say it, Your Honor. But the judicial notice really is of right and halt in the statements of this Court. I'm sorry. The judicial notice is what? The judicial notice is really judicial notice of what this Court has said in right and halt. In right, the Court cited pediatrics literature for that proposition. But that's because there had been a finding there. And then the Court says, okay, is this finding different from age? And then they say, yes, these things are different. But we don't have the finding just because if there were a finding, it would be okay, which is what Wright says, doesn't mean we get to skip the finding, I don't think. I don't think there was a skipping of a finding, Your Honor. I think that the record establishes that there was a sufficient proper basis for this judge to apply the enhancement. Let me turn quickly to right, though. In right, there was no explicit finding by the district court about the victim being able to not walk and not talk because this Court said in its analysis of whether the enhancement applied there, the 11-month-old victim, quote, most likely could not walk or talk. So it wasn't the district judge making that finding. It was this Court inferring. Why? Because everybody knows that infants and toddlers are less able to resist sexual abuse than other victims of child pornography. And with my remaining time, if I could turn quickly to Nurki, unless there are additional questions about the vulnerable victim. No, please. I first want to correct the defendant in the recent 28J notice that was filed with respect to plain error review. This Court held in Gonzales-Aparicio, which is the case the government cites at page 25 of its brief, on the plain error review status, or excuse me, the plain error standard of review, that the default rule is that plain error applies at the time, and this Court measures plain error, at the time the district court committed the alleged error. There is a narrow carve-out that permits this Court to measure plain error review at the time of appellate consideration, but only where the law at the time of appellate review is, quote, clearly contrary. Right. But, counsel, doesn't this have to go back anyway? Doesn't special condition 6 have to go back anyway? Because it's stated two different ways. And so even if the second sentence, which talks about primary purpose, is consistent with Nurki, doesn't it have to go back to fix the first sentence? I acknowledge that it's not as well written as it could have been. I don't think it has to. I don't think we would object so long as a primary purpose restriction I think there's a better way to write it, yes. I think there's also a way to read this conjunctively, where the interpretation that the defendant is proposing would essentially read out that last sentence and make it surplusage. So your first argument is that at the time this condition was imposed, it wasn't plain error, because the law was what it was at the time, pre-Nurki. Correct. All right. But you're not arguing that the first sentence is much broader, has the First Amendment concerns that were addressed. In Nurki, the second sentence, your position does not. My position is if it were read that the last sentence modifies the first sentence, no problem, but if the primary purpose is read as too confusing, then there's a way to meld those two sentences together. That's correct. Thank you. I just want to turn quickly to condition number four, because now you're the guy who's got 30 seconds left, as was previously the case. This is the contact with known children. Is there a wolf child problem here? I beg your pardon, Your Honor? Is there a problem here with the case wolf child? I'm not familiar with a problem. I do know that there was no objection again to the defendant has teed up this issue as if so long as the known were inserted correctly as it was pronounced at the oral sentencing, there would be no objection. So I think— Not familiar with the case? Not familiar with the case, Your Honor. Fair enough. Anything further? I don't think so. Thank you so much for your argument, Counsel. Thank you, Your Honors, for giving me a little additional time. On the wolf child issue, I believe the issue in that case is where a condition such as this prevents someone from being with their own family member. Right. And the problem here is that I think this defendant didn't have any of his own children. At least the record doesn't say that. Correct. But it's a condition that's going to last for many years. So it's potentially problematic, and I just wonder about fixing it now. All right. Well, hopefully—I mean, if the entire case goes back for resentencing, I think the whole package becomes unbundled and all these things can be— If we agree with you on double counting, we don't need to reach the other issues. Is that what you're saying, or would you encourage us to reach them anyway? My understanding of Ninth Circuit precedent is normally if part of a sentence— Occasionally there's a rewrite that can be done of something, but normally if part of a sentence is undone, the whole thing goes back for a new sentencing hearing. Are we talking about, when you say part of the sentence, are we talking about the actual imprisonment term, as in this case, or are we talking about supervised release as well? Pardon me, Your Honor? Say part of the sentence. I'm trying to— You mean part of the conditions of supervised release. Is that what you mean? Right. Well, you mean the enhancement, right? Yes, where this Condition 6 of supervised release, or the similar one, was held by this court to be too broad. And when we went back on those cases, the defendant actually waived his right to appear, and we kind of fixed it all by paper, but I think the defendant would have a right to appear at a new sentencing hearing if they chose to exercise it. I'll let Judge LaMalle tell me whether that answers his question. I'm not sure that it sounded to me like it didn't. I'll assume the opposite, that if we don't agree with you on the double-counting issue, but perhaps may agree with you on the supervised release conditions issues or some of that, we're only talking about, in that scenario, sending it back only for those special release condition errors that need to be corrected. I think that's correct, Your Honor, that it would be limited to the supervised release. And also including the actual term of the sentence given. I think, what, 108 months or something like that? The actual terms? Of sentence. Imprisonment term. You know, I can say the way it's been handled before when a supervised release condition has been found overbroad, but now either part of the sentence has been impugned. Right. Then we've just dealt with that condition. All right. Thank you. Could I have one more question back to Wright? So your opposing counsel said that the district court made no findings in Wright other than age. I had understood the quote from the district court in Wright about small physical size to be something additional. Is that your understanding, too, or do you think the district court in Wright made any other findings? What is your understanding of whether the district court made findings in Wright that were different from age? Well, I think that they knew that this double counting was an issue, and so they wanted to be very explicit that they weren't just using age, and they cited from all the pediatric literature. No, but what happened in the district court? What did the district court say in Wright? Do you have a view on that? It certainly found that an 11-month-old was penetrated. I don't recall if the district court then went on to make a very explicit finding of, and of course that would involve increased pain and other facts of an 11-month-old. So I just don't recall what happened in district court in the Wright case. Do you agree with your opponent that the proffer at sentencing showed explicit sex by adults with children? No, Your Honor. And as stated in the PSR. The PSR says some of the pictures involved sexual acts between adults and 3- to 5-year-olds. They don't say there was penetration. So I would argue, let's say it's a picture of a 3-year-old grasping a penis. Excuse me. I would argue that doesn't necessarily, if they can walk and talk, you're comparing them to 9, 10, 11-year-olds. I think you have to decide that they're more vulnerable for that sort of, that's somehow worse for them than it is for the 9, 10, 11-year-old. It's horrible for both of them. But I think you do have to go that far to see. So I think it's important to make these findings. Counsel, you're substantially over your time. I want to thank both counsel for your arguments, and we'll go on to the next case. Thank you.
judges: Lemelle, Christen, Friedland